NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001371**
**31-AUG-2016**
**03:22 PM**

NO. CAAP-14-0001371

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JUVYLYN EA BANTOLINA, Plaintiff-Appellant, v.
MARC B. BANTOLINA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 10-1-6774)

MEMORANDUM OPINION
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

In this post-divorce decree proceeding, Plaintiff-Appellant Juvylyn Ea Bantolina ("Mother") appeals from the November 20, 2014 "Order Re: Motion and Declaration for Post-Decree Relief, Filed July 21, 2014" ("November 20, 2014 Order") entered by the Family Court of the First Circuit ("Family Court"),[1] which directed Mother to reimburse Defendant-Appellee Marc B. Bantolina ("Father") the amount of $10,164.00 for 44-months of child support payments Mother had received, with such amount to "be used towards the subject child's . . . educational expenses/costs." We affirm in part, reverse in part, and remand for entry of an order directing reimbursement of child support payments consistent with this opinion.

I. BACKGROUND

Mother and Father were married from March 1988 until January 31, 2011. At the time of their divorce, the couple had one minor son, born July 19, 1995 ("Child"), whose financial

---

[1] The Honorable Gale L.F. Ching presided.

support is the subject of this action. The "Decree Granting Absolute Divorce and Awarding Child Custody" ("Divorce Decree") reflects that Mother and Father were initially awarded joint legal and physical custody, and states, "It is the intention of the parties that the [Child] will spend equal time with the parties." The Divorce Decree ordered Father to pay $231.00 per month in child support to Mother, and states that such support

> shall continue uninterrupted if said child continues his education post high school on a full-time basis at an accredited college or university, or in a vocational or trade school, and shall continue until said child's graduation or attainment of the age of twenty-three (23) years, whichever event shall first occur.

Notwithstanding the equal time sharing agreement, both parties concede that the Child resided primarily with Father from the effective date of the divorce. Neither party appealed from the Divorce Decree.

On July 21, 2014, Father filed a "Motion and Declaration for Post-Decree Relief" ("Motion"), which stated that the Child had been living with Father since January 31, 2011 and asked the Family Court to grant Father sole physical custody of the Child and to modify child support to require payments by Mother—rather than Father. The Motion also requested that Father be reimbursed for all of his past child support payments to Mother because, he argued, Mother did not apply that money towards the Child's expenses in accordance with the Divorce Decree.

The Family Court heard the Motion on September 24, 2014. Although both parties were present, neither party testified, and Father's attorney failed to explain why his client waited over three years to file the Motion although the Child had apparently been residing with Father since the divorce. Rather, Father's attorney told the court: "We are not asking for past due child support. We are just asking for [Mother] to return what she collected wrongfully."

Subsequently, the Family Court entered a post-decree order on November 3, 2014 ("November 3, 2014 Order"), which granted Father sole legal and physical custody of the Child for child support purposes, terminated Father's child support

2

obligation as of July 21, 2014—the date of Father's Motion—and ordered Mother to pay child support to Father once the Child—then, a 19-year-old part-time student—enrolled in college full-time. The request to have previously paid child support returned to Father was taken under advisement, and after considering the memoranda in support of and in opposition to the request, the Family Court issued its November 20, 2014 Order, ruling favorably on Father's request and ordered Mother to reimburse Father for forty-four months of child support payments (from January 2011 to September 2014) totaling $10,164.00. In support of its decision, the Family Court found that Mother "continued to fraudulently accept child support monies which were not used for the benefit of the minor child" and "failed to establish the defenses of laches and/or estoppel . . . ."

Mother timely filed her December 18, 2014 Notice of Appeal from the November 20, 2014 Order, thereby giving this court jurisdiction to review both the November 3, 2014 Order and the November 20, 2014 Order. Haw. Rev. Stat. § 571-54 (2006), § 641-1(a) (Supp. 2013).

II. POINTS OF ERROR

On appeal, Mother alleges[2] that:

(A) "The Family Court erred by retroactively modifying Father's child support obligation beyond July 21, 2014, the date Father filed his [Motion]";

(B) "The Family Court violated 45 Code of Federal Regulations [("C.F.R.")] 303.106 by permitting a child support obligation to be retroactively modified";

(C) "The Family Court erred by awarding custody of an adult in a Divorce case";

(D) "The Family Court erred by failing to timely file Findings of Fact and Conclusions of Law in this matter (not in Record on Appeal)"; and

(E) "The Court Reporter has erred by failing to follow Hawaii Rules of Appellate Procedure [("HRAP")] Rule 10(f) (no transcript in Record)"

---

[2] Mother's points of error are reordered for clarity.

3

III. STANDARD OF REVIEW

*Family Court Decisions*

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

*Kakinami v. Kakinami*, 127 Hawai'i 126, 136, 276 P.3d 695, 705 (2012) (quoting *Fisher v. Fisher*, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)). "Furthermore, the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." *Ek v. Boggs*, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (quoting *Lepere v. United Pub. Workers, Local 646*, 77 Hawai'i 471, 474 n.5, 887 P.2d 1029, 1032 n.5 (1995)) (internal quotation marks and brackets omitted).

IV. DISCUSSION

    A.    Order regarding Father's past child support payments

        In Mother's first point of error, she claims that "[t]he Family Court erred by retroactively modifying Father's child support obligation beyond July 21, 2014, the date Father filed his [Motion]". Mother argues that modifications to child support obligations "must be entered as an order of the court" and that decisions from other jurisdictions demonstrate that divorce judgments including future support payments are final and thus, "'until [a requested] modification [to that judgment] has been ordered, the decree is entitled to enforcement as originally entered,' *Dent v. Casaga* . . , 208 N.W. 2d 734, 737 (1973) . . . ." Furthermore, she observes that Hawaii courts have held that child support orders "may not be modified retroactively." *Vitali v. Hauen-Limkilde*, No. 30405, 2012 WL 5288815, *1 (Hawai'i App. Oct. 25, 2012) (citing *Smith v. Smith*, 3 Haw. App. 170, 174, 647 P.2d 722, 725 (1982); *Lindsey v. Lindsey*, 6 Haw. App. 201, 204, 716 P.2d 496, 499 (1986); *Contra Costa Cty. ex rel. Tuazon v. Caro*, 8 Haw. App. 341, 352, 802 P.2d 1212, 1217 (1990); *State of Wash. ex rel. Gibson v. Gibson*, 8 Haw. App. 304, 313, 800 P.2d

1011, 1015 (1990)). We agree.

*Payments made between July 2014 and September 2014*

As a preliminary matter, we note that the Family Court's decision to modify Father's child support obligation, *retroactive to the date Father filed his Motion*, was proper. Indeed, under Hawaii Revised Statutes ("HRS") § 580-47(d) (2006),

> Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either party, or upon a showing of other good cause, the moving party . . . may be granted a hearing. . . . The court, upon such a hearing, for good cause shown may amend or revise any order . . . .

Here, the Divorce Decree included an equal time-sharing agreement between Father and Mother that was, apparently, never followed. In his memorandum in support of the Motion, for example, Father states that the "[C]hild resided and continues to reside with [Father] and no equal time sharing between [Mother] and [Father] occurred from the effective date of the divorce." And in her declaration in response to the Motion, Mother similarly admits that "[the Child] has physically resided with [Father] since the date of the divorce on January 31, 2011 to present[ and the Child] would visit with [Mother] an average of twice a week." As such, the sums paid by Father to Mother were calculated under the Child Support Guidelines based on the assumption that the parties would share physical custody. These facts are sufficient to support the Family Court's decision to modify Father's child support obligation under HRS § 580-47(d)-but only *back to the date Father filed his Motion*. *See DeMello v. DeMello*, 87 Hawai'i 209, 213-14, 953 P.2d 968, 972-73 (App. 1998) (noting that HRS § 580-47(d) "requires a party requesting a change in child support to allege and prove a change in circumstances[,]" and holding that the court did not err "when it ordered the support obligation to be retroactive to . . . the date of the filing of the motion to amend child support"); *see also Sussman v. Sussman*, No. 30407, 2013 WL 6472277, at *3 (Hawai'i App. Dec. 10, 2013) (noting that "family courts are afforded wide discretion with respect to a modification based on a material change in circumstance" (citations omitted)). Thus, we affirm the Family

5

Court's November 20, 2014 Order to the extent that it directed Mother to reimburse Father for the child support payments she received between July 21, 2014 (the filing date of the Motion) and September 24, 2014 (the date of the hearing on the Motion). Section 580-47(d) cannot, however, be used to modify Father's child support obligation *prior to* the date that Father filed his Motion.

*Payments made between January 2011 and July 2014*

In its March 13, 2015 Findings of Fact and Conclusions of Law ("FOF/COL"), the Family Court directly cited HRS § 580-47(d) as establishing its authority to order Mother to reimburse Father for *all 44-months* of past child support payments. However, HRS § 580-47 applies only to prospective awards—and it only serves to affect something retroactively insofar as courts often hold that the amended child support obligation becomes effective retroactively *to the date on which the moving party filed his or her motion.* E.g., *DeMello*, 87 Hawai'i at 214, 953 P.2d at 973 (holding that the court did not err "when it ordered the support obligation to be retroactive to . . . the date of the filing of the motion to amend child support"); *Richardson*, 8 Haw. App. at 459, 808 P.2d at 1288 (holding that "[f]ather is liable for the difference between what he should have been paying . . . commencing [on the date of mother's motion] and what he actually paid for that period of time"). Therefore, the Family Court erred in awarding reimbursement for 44-months of past child support payments under HRS § 580-47(d).

In order to modify any obligation prior to the date of the motion requesting modification, a party must invoke Rule 60 of the Hawai'i Family Court Rules ("HFCR"). *Lindsey*, 6 Haw. App. at 204, 716 P.2d at 499 ("[C]ourt-ordered child support payments may be modified prospectively but not retroactively . . . ., *except pursuant to Rule 60, Hawaii Family Court Rules (1982).*" (emphasis added) (citing *Smith*, 3 Haw. App. 170, 647 P.2d 722)). Under HFCR Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from any or all of the provisions of a final judgment, order, or proceeding" for a variety of reasons, including "(3) fraud . . . misrepresentation, or other misconduct of an adverse party[,]" or "(6) any other reason justifying relief from the operation of the judgment." Haw. Fam. Ct. R. 60(b)(3) & (b)(6). Because Father did not base his argument on Rule 60(b), however, he is not entitled to relief under the rule.

Therefore, we reverse the November 20, 2014 Order to the extent that it directed Mother to reimburse Father for child support payments that she received between January 31, 2011 (the date of the Divorce Decree) and July 21, 2014 (the filing date of Father's Motion).

B. C.F.R. 303.106 & retroactive modification of child support

Mother's second argument on appeal is that the Family Court violated C.F.R. 303.106 when it retroactively modified Father's child support obligation beyond the date of his Motion. Since we have already determined that the Family Court abused its discretion in ordering Mother to reimburse Father for child support payments collected between the date of the Divorce Decree up to the date of Father's Motion, we need not address the merits of Mother's second point of error.

C. Order modifying custody of an adult child

The November 3, 2014 Order awarded Father "sole legal and physical custody of [Child] for child support purposes." Mother contends that the Family Court plainly erred when it awarded custody of the 19-year-old Child to Father, because the Family Court did not have jurisdiction to award physical custody of any child who exceeded 18 years of age. Mother's argument ignores the effect and purpose of the court's order, to require Mother to pay support for the Child's college education, and thus is inapposite.

Nothing that Mother points to imposes an age limit on the family courts' ability to order parties to provide financial support for an adult child's education. Indeed, under HRS § 580-

7

47, "[p]rovision may be made for the support, maintenance, and education of an adult or minor child and for the support, maintenance, and education of an incompetent adult child *whether or not the petition is made before or after the child has attained the age of majority*." Haw. Rev. Stat. § 580-47(a) (emphasis added). And although family courts "shall use the guidelines established under [HRS] section 576D-7" when "establishing the amounts of child support," Haw. Rev. Stat. § 580-47(a), the Hawai'i Supreme Court has explicitly held that "th[ose] guidelines were intended to establish the *amount* of child support rather than to establish the child's *eligibility* for such support." *Jaylo v. Jaylo*, 125 Hawai'i 369, 375, 262 P.3d 245, 251 (2011) ("To the extent that the 2004 Guidelines purport to set an age limitation of 23 on the family court's authority to continue educational support for an adult child, they are invalid as they exceed the statutory mandate of HRS § 580-47(a) when they purport to limit eligibility for such support.").

> In the instant dispute, the Divorce Decree stated that:
>
> [c]hild support for each child shall continue uninterrupted if said child continues his education post high school on a full-time basis at an accredited college or university, or in a vocational or trade school, and shall continue until said child's graduation or attainment of the age of twenty three (23) years, whichever event shall first occur.

The orders Mother contests on appeal did not alter the Divorce Decree's educational support provision. In fact, the November 03, 2014 Order specifies that "[c]ommencement of child support obligation against [Mother] shall begin when [the Child] enrolls full time in college in keeping with the Decree." As Mother does not argue that HRS § 580-47(a) is unconstitutional, and because the parties stipulated to the Family Court's custody order, Mother's arguments on this point of error are inapposite.

Thus, the Family Court did not exceed its jurisdiction or otherwise err when it awarded "physical custody" of the then 19-year-old Child to Father for the purposes of determining child support obligations.

D.    Tardy issuing of requested FOFs/COLs and transcripts

Mother claims that her rights were violated because the Family Court did not timely file FOFs and COLs and because a court reporter did not timely file a requested transcript. Mother reserved the right in her opening brief to supplement her brief after the FOFs, COLs, and transcript were filed; however, she did not seek to supplement her brief after those documents were filed. Mother has not demonstrated any undue prejudice from the untimely filing of these documents or an entitlement to any additional relief based on their late filing.

V.    CONCLUSION

Based on the foregoing, the November 3, 2014 Order is affirmed. The November 20, 2014 "Order Re: Motion and Declaration for Post-Decree Relief, Filed July 21, 2014" is reversed to the extent that it awards reimbursement of child support payments made by Father to Mother prior to July 21, 2014, and is otherwise affirmed. The case is remanded to the Family Court for entry of an order directing reimbursement to Father for any child support payments he made since July 21, 2014, the date of his Motion.

DATED:  Honolulu, Hawai'i, August 31, 2016.


On the brief:

Michael A. Glenn
for Plaintiff-Appellant.

Chief Judge

Associate Judge

Associate Judge

9